IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE SLOVAK REPUBLIC, <br><br> Petitioner, <br><br> v. <br><br> DISCOVERY GLOBAL LLC, <br><br> Respondent. | Civil No. __3:25-cv-1736_____ |

## PETITION TO RECOGNIZE AND ENFORCE ICSID ARBITRATION AWARD PURSUANT TO 22 U.S.C. § 1650a AND SUPPORTING MEMORANDUM OF LAW

### INTRODUCTION

This is an action to recognize and enforce an international arbitral award dated January 17, 2025 (the "**Award**") pursuant to 22 U.S.C. § 1650a and Article 54 of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159 ("**ICSID Convention**") and to enter judgment thereon.[1]

The Slovak Republic prevailed in an international arbitration brought by Discovery Global LLC ("**Discovery**"), a company registered in Texas, before a distinguished, three-member arbitral tribunal (the "**Tribunal**") constituted under the ICSID Convention, captioned *Discovery Global LLC v. Slovak Republic*, ICSID Case No. ARB/21/51 (the "**Arbitration**").

In its Award, the Tribunal unanimously ruled in favor of the Slovak Republic and rejected all of Discovery's claims. The Award is final and enforceable under the ICSID Convention and

---

[1] A copy of the Award appears as Exhibit A to the accompanying Declaration of Stephen Anway ("**Anway Decl.**"). A copy of the ICSID Convention appears as Exhibit B to the Anway Declaration.

– 1 –

its enabling legislation, 22 U.S.C. § 1650a.

The ICSID Convention provides that this Court "shall" enforce the "pecuniary obligations imposed" by the Award, and "shall" give the Award "full faith and credit as if the [A]ward were a final judgment of a court" of the United States or its constituent states. 22 U.S.C. § 1650a. Accordingly, the Slovak Republic respectfully requests that this Court enter judgment in its favor and recognize and enforce the Award.

## PARTIES

1. The Slovak Republic is a "foreign state" within the meaning of the Foreign Sovereign Immunities Act ("**FSIA**"), 28 U.S.C. § 1603. The Slovak Republic signed the ICSID Convention on September 27, 1993, and deposited its instrument of ratification on May 27, 1994. The ICSID Convention entered into force for the Slovak Republic on July 26, 1994.[2]

2. Discovery is a limited liability company incorporated in Texas, which operates in the oil and gas sector. Its principal place of business is in Forney, Texas, 75126. Discovery may be served with process by serving its Chief Executive Officer, Mr. Steven Walker, 6443 Las Colinas Boulevard, Irving, Texas, 75039.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1331 and 22 U.S.C. § 1650(a) because it is a civil action arising under the laws and treaties of the United States to enforce an ICSID award. Section 1650a(a) provides that "[a]n award of an arbitral tribunal rendered pursuant to chapter IV of the [ICSID] convention shall create a right arising under a treaty of the United States," and section 1650a(b) states that "district courts … shall have exclusive jurisdiction over actions and proceedings under" section 1650a(a).

---

[2] *See* Int'l Centre for Settlement of Investment Disputes, Database of ICSID Member States (Anway Decl. Ex. C).

4. The Court has personal jurisdiction over Discovery because it is a Texas entity with its principal place of business in this State.

5. Venue in this District is proper under 28 U.S.C. § 1391(b)(1) & (c)(2) because Discovery has its registered office and principal place of business in this District.

## FACTUAL BACKGROUND

6. On December 19, 1992, the Treaty between the United States of America and Czech and Slovak Federal Republic concerning the Reciprocal Encouragement and Protection of Investment ("**Treaty**") entered into force. *See* Anway Decl. at Ex. D. Article VI.3(a) of the Treaty allows a qualifying United States investor to commence arbitration under the Treaty against the Slovak Republic before an ICSID arbitration tribunal. *Id.*

7. On October 22, 2021, the International Centre for Settlement of Investment Disputes ("**ICSID**") registered Discovery's Request for Arbitration against The Slovak Republic. *See* Award, ¶ 9. In the Arbitration, Discovery alleged that the Slovak Republic prevented it from pursuing oil and gas exploration activities through a series of measures that allegedly violated the Slovak Republic's obligations under the Treaty. *Id.*, ¶¶ 273-278.

8. Specifically, Discovery alleged that the Slovak Republic violated the Treaty's prohibition against unlawful expropriation, unfair and inequitable treatment, arbitrary and discriminatory treatment, and failure to provide effective means. *Id.*, ¶ 273. Discovery originally sought damages of over US$ 580 million, which Discovery ultimately reduced to US$ 133 million (plus interest) during the arbitration. *Id.*, ¶¶ 284(3)–286(3).

9. The Parties each appointed one member of the Tribunal and agreed on the appointment of the Presiding Arbitrator. Neither party challenged any member of the Tribunal. The dispute was subject to hearings and multiple rounds of briefings. Award ¶¶ 30-52; Anway

Decl. Ex. A.

### A. The Tribunal ordered Discovery to provide security for the Slovak Republic's costs

10. To prosecute its claim, Discovery secured funding from the third-party funder 24LF Capital. Award, ¶ 18. Initially, 24LF Capital was responsible for only Discovery's own legal fees, not for any costs award against Discovery should it lose in the Arbitration. Anway Decl. Ex. F.

11. After briefing from the Parties in the fall of 2022, the Tribunal ordered Discovery to provide "an instrument securing a potential cost order, such as an insurance policy or bank guarantee" should the Slovak Republic prevail in the Arbitration and receive a favorable costs award. Award, ¶ 34. On January 20, 2023, Discovery informed the Tribunal that it had secured a so-called "After the Event" (or "**ATE**") insurance policy for USD 1 million in favor of the Slovak Republic, which the Slovak Republic could collect if the Tribunal later ordered Discovery to pay for the Slovak Republic's costs. Anway Decl. Ex. F.

### B. The Tribunal issued its Award against Discovery

12. A six-day hearing took place in London between February 2-7, 2024. Award, ¶ 59. The Tribunal heard opening statements from both Parties, and all fact and expert witnesses in the proceedings were cross-examined. *Id.*, ¶ 60. On January 17, 2025, the Tribunal issued its Award.

13. The Award rejected Discovery's claims in their entirety and upheld The Slovak Republic's defense that it did not breach the Treaty and was not the cause for the failure of Discovery's business ventures in the Slovak Republic. Notably, the Tribunal found that "confronted with a project that did not run as smoothly as it may have expected and certainly hoped, Discovery decided not to pursue its efforts mainly due to financial constraints." *Id.*, ¶ 380.

14. The Tribunal further found that Discovery "resorted to self-help, circumvented an interim injunction adopted by the local courts, and generally conducted itself in a manner that, it

seems to the Tribunal, needlessly antagonized the local residents." *Id.*, ¶ 378. In contrast to Discovery's conduct, the Tribunal found that Slovak officials acted legally and reasonably as they "sought to accommodate and support [Discovery], on the one hand, and at the same time to consider the views expressed by the local population and environmental and climate change activists, on the other." *Id.*, ¶ 380.

15. Having dismissed all of Discovery's claims, the Tribunal ordered Discovery to pay the Slovak Republic: (*i*) "one half of the total arbitration costs," which amounted to US $ 457,248.31; (*ii*) EUR 2,310,718.90 for the Slovak Republic's "legal fees and other costs incurred in connection with this arbitration"; and (*iii*) "simple interest on" these two sums "at a rate equivalent to the yield of 2-year Slovak government bonds, from the date of the Award until payment." *Id.*, ¶ 713; *see also* ¶ 708 (finding that the Slovak Republic "clearly prevailed", "won on all the substantive claims," and was "struck by [Discovery's] lack of serious due diligence and its various mistaken legal assumptions").

**B.    The amount Discovery owes to the Slovak Republic under the Award**

16. Following receipt of the Award, the Slovak Republic repeatedly sought from Discovery the payment ordered by the Tribunal. Discovery, however, never made payment.

17. Having not heard from Discovery, the Slovak Republic contacted the ATE insurance provider. On February 25, 2025, the Slovak Republic received payment of USD 999,985 under that insurance policy.[3] The Slovak Republic credited that amount to the legal fees and other costs, plus interest ordered in the Award.

---

[3] Although the policy was for USD 1 million, applicable bank fees resulted in the actual amount of this payment being USD 999,985.

18. As of the date of this Petition, Discovery still owes the Slovak Republic € 1,790,638.73, which includes the applicable interest as specified in the Award.[4]

## ARGUMENT

19. The United States is a Contracting Party to the ICSID Convention.[5] Article 54 of the ICSID Convention requires the United States to "recognize an award rendered pursuant to th[e] Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a [U.S.] court." ICSID Convention, art. 54(1). Article 54 further provides that, for Member States with federal systems (such as the United States), ICSID awards may be enforced "through its federal courts," in which case an ICSID award shall be treated "as if it were a final judgment of the courts of a constituent state." *Id.*

20. Consequently, the implementing legislation for the ICSID Convention states that "[t]he pecuniary obligations imposed by [an ICSID award] shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a(a); *see also TECO Guat. Holdings, LLC v. Republic of Guat.*, Civil Action No. 17-102 (RDM), 2018 WL 4705794, at *2 (D.D.C. Sept. 30, 2018). ICSID Convention awards thus "create a right arising under a treaty of the United States." 22 U.S.C. § 1650a(a).

21. The legal standards governing judicial review of arbitration awards are "not complicated"—they are "limited by design." *Duke Energy Int'l Peru Invs. No. 1 Ltd. v. Republic of Peru*, 904 F. Supp. 2d 131, 133 (D.D.C. 2012) (citation omitted). Those standards are even narrower for awards issued pursuant to the ICSID Convention. Courts may only "examine the

---

[4] *See* Anway Decl., ¶¶ 17-26.
[5] *See* ICSID Member Database (Anway Decl. Ex. C).

judgment's authenticity and enforce [its] obligations." *TECO*, 2018 WL 4705794, at *2 (citation omitted). Thus, Discovery cannot collaterally attack the Award during these proceedings.

## CAUSE OF ACTION AND PRAYER FOR RELIEF

22. Under federal statute, the Award is to be given "the same full faith and credit as … a final judgment" issued by a state court. 22 U.S.C. § 1650a(a); *TECO*, 2018 WL 4705794, at *2. The Slovak Republic may therefore enforce the Award's pecuniary obligations against Discovery. Accordingly, the Slovak Republic requests that this Court issue an order: (*i*) recognizing and confirming the Award, and (*ii*) entering judgment in the Slovak Republic's favor thereupon.

23. The Slovak Republic respectfully requests that this Court enter judgment in the currencies specified in the Award, including Euros. *See* Award ¶ 713. This Court has authority to enter judgment in a foreign currency when requested by the judgment creditor. *See Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 218 (D.C. Cir. 2018) ("Recent cases have endorsed judgment in a foreign currency if the petitioner requests payment in that currency."); *accord* Restatement (Third) of the Foreign Relations Law of the United States § 823 cmt. b (Am. Law Inst. 1987) ("[T]here is no impediment to issuance by a court in the United States of a judgment denominated in a foreign currency.").

24. Once judgment is entered by the court confirming the Award, the proper rate of interest is that prescribed by 28 U.S.C. § 1961. *See OI European Grp. B.V. v. Bolivarian Republic of Venez.*, No. 16-1533, 2019 WL 2185040 at *8 (D.D.C. May 21, 2019) (construing ICSID implementing legislation, and the requirement of full faith and credit, as meaning that 28 U.S.C. § 1961 "should apply" as the basis for post-judgment interest, once an ICSID award is confirmed).

WHEREFORE, the Slovak Republic respectfully requests that the Court enter an order:

(a) Recognizing and enforcing the Award against Discovery in the same manner as a final judgment issued by a court of one of the several states;

(b) Entering judgment thereupon against Discovery and in the Slovak Republic's favor in the amount of € 1,790,638.73, plus simple interest at a rate equivalent to the yield of the 2-year Slovak government bonds, from 3 July 2025 to the date of judgment; and

(c) Awarding post-judgment interest at the rate applicable under 28 U.S.C. § 1961.

July 3, 2025.

By: */s/ Jonathan R. Mureen*
Jonathan R. Mureen (Bar No. 24060313)
jon.mureen@squirepb.com
Stephen P. Anway (pro hac vice to be filed)
stephen.anway@squirepb.com
Raúl B. Mañón (pro hac vice to be filed)
raul.manon@squirepb.com
Douglas Pilawa (pro hac vice to be filed)
douglas.pilawa@squirepb.com

*Attorneys for Petitioner the Slovak Republic*